UNITED STATES of America,

v.

Carlton CHEW, Appellant.

No. 00–2229.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) June 7, 2001.

Filed March 25, 2002.

Mr. Carlton Chew, Lewisburg, PA, Pro Se Appellant.

Thomas J. Eicher, Office of United States Attorney, Philadelphia, PA, for Appellee.

---

\* The Honorable Carol Los Mansmann participated in and concurred with the judgment in

Before MANSMANN\*, RENDELL and ALDISERT, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM. .

Carlton Chew appeals from the district court's order denying the motion he filed nominally pursuant to Rule 17 of the Federal Rules of Criminal Procedure and which the court construed as a motion pursuant to 28 U.S.C. § 2255. The only significant question presented by this appeal is whether the court erred in failing to give Chew notice that it would so construe the motion as prescribed by *United States v. Miller*, 197 F.3d 644 (3d Cir.1999). We conclude that the court did not err because at the time Chew filed his Rule 17 motion he was already barred by the statute of limitations from filing a § 2255 motion. Accordingly, we shall deny both his request for a certificate of appealability and his motion for appointment of counsel.

## I.

In September 1992, a jury convicted Chew of various counts of armed bank robbery in violation of 18 U.S.C. §§ 2113(a) and (d). This Court affirmed. *See United States v. Chew*, No. 93–1187, 9 F.3d 1541 (3d Cir. October 4, 1993).

On May 30, 2000, Chew filed a document entitled "Notice of motion for production of documents pursuant to Federal Rules of Criminal Procedures [sic] 17(f) and petitioner [sic] for show cause order." In it, Chew asked the district court to order the government to comply with Rule 17(f), alleging that the government had withheld exculpatory evidence during his trial in violation of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) and that trial counsel was ineffective. Chew appears to challenge the validity of a

this case but died before the opinion could be filed.

photo array presented to his teacher, Mr. Randall, and complains that Randall "was never called by the defense or prosecution to contest the validity of the arrest warrant." Chew argues also that his counsel was ineffective for failing to call Mr. Randall as a witness because Randall would have refuted exculpatory alibi evidence which could have resulted in a verdict favorable to Chew.

In response, the government asked the court to issue a notice pursuant to *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999). The court declined to do so, finding that the concerns raised by *Miller* do not apply because the statute of limitations already bars Chew from filing a § 2255 motion. A week later the court denied Chew's Rule 17 motion "as untimely since it is brought well past the conclusion of trial" and because to the extent the motion attacks Chew's conviction, the claim is barred because Chew raised the matter of the allegedly exculpatory witness on direct appeal. The court declined to issue a certificate of appealability. This appeal followed. Chew has filed a motion for appointment of counsel and a request for a certificate of appealability in which he addresses the merits of his claims but not the timeliness of his motion.

## II.

■ To the extent that Chew's motion was pursuant to Rule 17, it was untimely because it was brought well past the conclusion of trial. Rule 17 serves the economical purpose of expediting trials by governing the issuance of pre-trial subpoenas. *See Bowman Dairy Co. v. United States*, 341 U.S. 214, 220, 71 S.Ct. 675, 95 L.Ed. 879 (1951). However, Rule 17 has no application in post-conviction proceedings. Rather, Chew's claims fall squarely within § 2255: he is "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... or is otherwise subject to collateral attack." 28 U.S.C. § 2255 ¶ 1. We recognize also that it has long been the preference of this court that claims of ineffective assistance of counsel be brought in § 2255 motions. *United States v. DeRewal*, 10 F.3d 100, 103 (3d Cir.1993). Accordingly, it was not unreasonable for the district court to construe Chew's Rule 17 motion as a § 2255 motion. The only question is whether the district court erred in denying the government's request to provide *Miller* notice. We hold that it did not because *Miller* notice is not required if, as here, the motion in question was already barred by AEDPA's statute of limitations at the time of filing.

■ As we explained in *Miller*, the once-generous practice of liberally construing *pro se* filings as § 2255 motions was rendered potentially disadvantageous by the enactment of AEDPA:

Had AEDPA not been enacted, the District Court's handling of Miller's motions in this case would pose no problem. AEDPA, however, dramatically altered the form and timing of habeas petitions filed in the federal courts.

Section 2255, as amended by AEDPA, bars second or successive habeas petitions absent exceptional circumstances and certification by the appropriate court of appeals. Amended sections 2255 and 2244(d)(1), moreover, impose a one-year statute of limitation on applications for writ of habeas corpus. Habeas petitioners must therefore be careful to avoid the twin procedural bars that AEDPA has created. To avoid making successive claims, petitioners must marshal in one § 2255 writ all the arguments they have to collaterally attack their convictions. And in order to avoid being time barred, they must take care

to file this one all-inclusive petition within one year of the date on which the judgment of conviction becomes final. With AEDPA in place, the practice of liberally construing post-conviction motions as § 2255 petitions can, in the absence of cautionary or educational measures, impair the ability of inmates to challenge their convictions on collateral review. If each pro se post-conviction filing is treated as a § 2255 writ, as was once the case, inept petitioners face losing potentially valid constitutional claims at the hands of judges who are applying a rule of liberal construction that was created to benefit pro se claimants.

*Miller*, 197 F.3d at 649 (internal citations omitted).

In an attempt to avoid these problems, we followed the teachings of *Adams v. United States*, 155 F.3d 582 (2d Cir.1998) and determined that upon receiving a *pro se* pleading challenging an inmate's conviction or incarceration, regardless of whether it is styled as a § 2255 motion, the court should issue a form notice regarding the effect of such a pleading in light of AEDPA. Furthermore, the court should allow the prisoner to choose: (1) to have his motion ruled upon as filed; or (2) to have his motion recharacterized as a § 2255 motion and heard as such but lose his ability to file a second or successive petition absent certification by the court of appeals; or (3) to withdraw his motion and file one all-inclusive § 2255 motion within the one-year statutory period prescribed by AEDPA in § 2255. *Miller*, 197 F.3d at 646. In addition, in *Miller* we tolled the statute of limitations because Miller had filed his motion before the statute of limitations began to run.[1]

These considerations do not apply in Chew's case. Because Chew filed his Rule 17 motion long after the time had passed for filing a § 2255 motion,[2] we cannot equitably toll the statute of limitations as we did in *Miller*. Thus, not only was Chew's Rule 17 motion (whether or not it is construed as such) already untimely when he filed it, but any § 2255 motion he filed following *Miller* notice would be time-barred as well. In this context, providing *Miller* notice would, as the district court found, have been "an exercise in futility." [3] Accordingly, the court did not err in declining to give *Miller* notice.

Finding no other error in the district court's disposition of Chew's motion, we will deny his request for a certificate of

---

**1.** Other courts have acted similarly. *See e.g. Adams*, 155 F.3d at 584 n. 2 (tolling the statute of limitations because Adams still had time to file a § 2255 motion when the district court issued its order); *United States v. Kelly*, 235 F.3d 1238, 1242 (10th Cir.2000); *Mason v. Myers*, 208 F.3d 414, 419 (3d Cir.2000) ("if in the future a District Court failed to provide the necessary warnings prescribed in Miller, the statute of limitations should similarly be tolled to allow the petitioner an opportunity to file all of his claims in the correct manner").

**2.** Chew's conviction became final before the effective date of AEDPA, April 24, 1996. Accordingly, he had a year from that date to file a § 2255 motion. *Burns v. Morton*, 134 F.3d 109 (3d Cir.1998). Chew provided the district court with no reasons to toll the statute of limitations, nor has he provided any in his request for a certificate of appealability.

**3.** The Court of Appeals for the Eighth Circuit recently reached a similar conclusion. In *United States v. Wolff*, 241 F.3d 1055 (8th Cir.2001), the district court had construed a motion to dismiss under Fed.R.Crim.P. 12(b)(2) as a § 2255 motion. The court of appeals declined to decide whether to follow *Adams* because it found that the district court had not in fact recharacterized Wolff's motion and because "Wolff is long past the one-year statute of limitations for seeking § 2255 relief, so we see no prejudice even if his petition were recharacterized." *Id.* at 1056.

appealability and deny his motion for appointment of counsel as moot.