

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-1-2005

# Littles v. USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2761

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Littles v. USA" (2005). *2005 Decisions*. Paper 758.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/758

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BPS-310                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-2761
_____

PAUL LITTLES,

Appellant

v.

UNITED STATES OF AMERICA

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 05-2761)
District Judge: Honorable Sylvia H. Rambo
_____

Submitted for a Decision on the Issuance of a Certificate of Appealability or for Summary
Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
July 14, 2005

Before: RENDELL, FISHER AND VAN ANTWERPEN, CIRCUIT JUDGES

(Filed:  August 1, 2005)
_____

OPINION
_____

PER CURIAM

After a jury trial in the United States District Court for the Middle District of

Pennsylvania, Paul Littles was convicted of conspiring to distribute, and distributing,

heroin. He was sentenced as a career offender under U.S. Sentencing Guideline § 4B1.1. We affirmed the judgment of conviction, and the Supreme Court denied *certiorari*. Littles then filed a motion to vacate his sentence under 28 U.S.C. § 2255, which was denied. We affirmed; the Supreme Court again declined to grant review.

Littles subsequently filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, the denial of which we review here. He argued that one of his previous state convictions should not have been used to support his status as a career offender because it had been unconstitutionally obtained. The District Court held that Littles could not seek relief under § 2241 because a motion to challenge his sentence pursuant to 28 U.S.C. § 2255 would not be inadequate or ineffective. The District Court also noted that Littles was attempting to file a second or successive petition for writ of habeas corpus without seeking authorization to do so from the appropriate Court of Appeals. Although the District Court recognized that Littles had brought "his action by an improper procedure," Memorandum at 3, it went on to consider and reject his claim on the merits.

The District Court properly concluded that Littles may not bring his petition under 28 U.S.C. § 2241, because he cannot show that a motion to challenge his sentence pursuant to 28 U.S.C. § 2255 would be "inadequate or ineffective." 28 U.S.C. § 2255 (2005). Section 2255 has been considered inadequate and ineffective for a petitioner convicted and imprisoned for conduct since deemed not to be criminal. *See In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997). However, § 2255 is not inadequate or

2

ineffective just because a petitioner is unable to meet its stringent gatekeeping requirements. *See id.* Littles does not make a claim that fits under the *In re Dorsainvil* exception; therefore, he must seek authorization to bring his challenge to the validity of his sentence in a second § 2255 motion.[1]

Because Littles was proceeding pursuant to § 2241, the District Court was without jurisdiction to consider the merits of his petition. We express no opinion about the merits of Littles' claims and note only that any request for authorization to bring a second or successive motion will have to meet the stringent requirements of 28 U.S.C. §§ 2244 & 2255.

Although the District Court based its ruling at least in part on jurisdictional grounds, the District Court erred in reaching the merits of Littles' petition. Therefore, we will vacate the order denying Littles' petition and remand with instructions to enter an order dismissing his petition for lack of jurisdiction. Littles' request for a certificate of

---

[1]Littles believes that the District Court recharacterized his petition as a motion under § 2255, but we do not agree. We understand the District Court's statement that Littles' petition was a second or successive petition as merely an acknowledgment that any § 2255 motion filed by Littles would be second or successive. The District Court recognized that a second or successive motion could only be filed with authorization from the appropriate court of appeals. Also, in its order, the District Court denied "[t]he petition brought pursuant to 28 U.S.C. § 2241." Even if the District Court had recharacterized Littles' petition, it did not have to provide Littles with *Miller* notice. *See United States v. Chew*, 284 F.3d 468, 471 (3d Cir. 2002). Moreover, Littles could not have been afforded review of a recharacterized petition. The District Court, barred from ruling on an unauthorized second or successive motion, would have had only two options - to dismiss the motion or transfer it, pursuant to 28 U.S.C. § 1631, to the appropriate Court of Appeals. *See Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002).

appealability is denied as unnecessary. *See Forde v. U.S. Parole Comm'n*, 114 F.3d 879, 881 (9th Cir. 1997). His "motion for the appointment of counsel for briefing a certificate of appealability" also is denied.