

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-8-2005

# USA v. Perry

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2335

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Perry" (2005). *2005 Decisions.* Paper 721.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/721

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BPS-314                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-2335
_____

UNITED STATES OF AMERICA

v.

BILLY PERRY,
Appellant

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Crim. No. 03-cr-00428)
District Judge: Honorable Dennis M. Cavanaugh

_____

Submitted For Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
July 21, 2005

Before:  RENDELL, FISHER and VAN ANTWERPEN, Circuit Judges

(Filed: August 8, 2005 )

_____

OPINION

_____

PER CURIAM.

     Billy Perry pled guilty in the United States District Court for the District of New

Jersey to one count of possession of a firearm as a convicted felon.  By Judgment entered

November 3, 2003, the District Court imposed a sentence of eighty-four months in prison

plus three years of supervised release. Perry did not file a timely direct appeal.[1]

On August 30, 2004, Perry filed in the District Court a pro se "Motion to Correct Sentence Enhancement." Invoking Federal Rule of Civil Procedure 60(b), Perry argued, inter alia, that the District Court lacked jurisdiction over his offense because his gun did not travel in interstate commerce, and that he is entitled to a re-sentencing in light of Blakely v. Washington, 124 S. Ct. 2531 (2004). The government argued that Perry's motion is improper under Rule 60(b) insofar Perry collaterally attacks his conviction and sentence. Furthermore, because Perry had waived in the plea agreement his right to file a collateral attack, the government argued that relief should be denied.[2]

The District Court agreed with the government that Rule 60(b) cannot be used to relieve a party from a conviction or sentence in a criminal case. Nevertheless, the District Court addressed Perry's motion as filed and denied relief. The court found that Perry did not claim or present evidence suggesting that the waiver of his right to file a collateral attack was unknowing or involuntary. The District Court further found no

---

[1] Perry filed an untimely notice of appeal well after entry of the judgment of sentence, and this Court dismissed that appeal for want of jurisdiction. See C.A. No. 04-4170 (Order entered June 7, 2005). Perry's conviction thus became final on November 13, 2004. See Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999) ("If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired.").

[2] Under the terms of the plea, Perry agreed to waive appeal and collateral attack "if the total offense level determined by the court is equal to or less than 25." The District Court sentenced Perry based on a total offense level of 25.

evidence of a miscarriage of justice. Thus, pursuant to <u>United States v. Khattak</u>, 273

F.3d 557 (3d Cir. 2001), the court enforced Perry's waiver. The District Court added

that it found no merit to Perry's reliance upon <u>Blakely</u>, and it noted that <u>Blakely</u> is not

retroactively applicable in any event. Thus, by Order entered April 12, 2005, the District

Court denied the Rule 60(b) motion. Perry timely filed this appeal.

The appeal is before this Court for possible summary action, which is warranted

when an appeal presents "no substantial question." 3d Cir. LAR 27.4 and I.O.P. Ch.

10.6. After a review of the record, we will summarily affirm the District Court's

judgment.

As part of his plea agreement, Perry expressly waived the right to file a collateral

attack upon his conviction and sentence. Furthermore, as the District Court found, there

is no basis in the record to question the validity or applicability of that waiver. Because

the denial of Perry's "Rule 60(b) motion" was clearly proper in light of the waiver, this

appeal presents "no substantial question."

We do note that the District Court failed to give the notice prescribed in <u>United

States v. Miller</u>, 197 F.3d 644 (3d Cir. 1999), before ruling on Perry's Rule 60(b)

motion. In <u>Miller</u>, this Court established a procedure for the post-AEDPA handling of a

pro se prisoner's collateral attack upon a conviction and sentence. We stated that

> upon receipt of pro se pleadings challenging an inmate's
> conviction or incarceration– whether styled as a § 2255
> motion or not– a district court should issue a notice to the
> petitioner regarding the effect of his pleadings. This notice

> should advise the petitioner that he can (1) have his motion
> ruled upon as filed; (2) if his motion is not styled as a § 2255
> motion have his motion recharacterized as a § 2255 motion
> and heard as such, but lose his ability to file successive
> petitions absent certification by the court of appeals; or (3)
> withdraw the motion, and file one all-inclusive § 2255
> petition within the one-year statutory period.

Id. at 652.

In the present case, issuance of the Miller notice would have served no meaningful purpose, as Perry validly waived his right to file a collateral attack. Thus, we find no error in the District Court's failure to invoke Miller. Cf. United States v. Chew, 284 F.3d 468, 470 (3d Cir. 2002) ("Miller notice is not required if, as here, the motion in question was already barred by AEDPA's statute of limitations at the time of filing."), cert. denied, 510 U.S. 1169 (2004).

In addition, we query whether our Miller requirement, which we issued in 1999, accords with subsequently decided precedents from the United States Supreme Court. In Castro v. United States, 540 U.S. 375 (2003), the Court held that it is improper to recharacterize a pro se post-conviction filing as a first 28 U.S.C. § 2255 motion unless the District Court informs the litigant of the consequences of the recharacterization– that way, the litigant has an opportunity to contest the recharacterization, or can elect to withdraw or amend the motion. Id. at 383-84. Thus, in Castro, where the District Court, sua sponte, changed the prisoner's chosen avenue for seeking relief (a Federal Rule of Criminal Procedure 33 motion) into a § 2255 proceeding, notice to the prisoner of the

4

consequences of that action was required. But in <u>Pliler v. Ford</u>, 124 S. Ct. 2441 (2004), the Court made it clear that there is no general requirement for a District Court to provide information or legal advice to pro se litigants who seek post-conviction relief, save for the situation (presented in <u>Castro</u>) when the District Court itself chooses to recharacterize the litigant's motion. Thus, in <u>Pliler</u>, the Court held that a District Court is not required to warn a pro se habeas petitioner who files a mixed petition of the consequences that might follow from, <u>inter alia</u>, withdrawing the petition and risking expiration of the statute of limitations. <u>Id.</u> at 2446. As the Court emphasized, "District judges have no obligation to act as counsel or paralegal to pro se litigants." <u>Id.</u>

Together, <u>Pliler</u> and <u>Castro</u> suggest that <u>Miller</u> may go too far in requiring our District Judges to issue a procedural roadmap to every pro se litigant who files a pleading, however denominated, expressing an intention to challenge his or her conviction or sentence. And although we note this important concern, its resolution will have to wait for another day. As noted, a <u>Miller</u> notice was unnecessary in this case given Perry's valid waiver of his right to file a collateral attack, and thus a consideration of the ongoing viability of the <u>Miller</u> notice is not necessary to a resolution of this appeal.

For the reasons stated, we will summarily affirm the District Court's judgment.

5