

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-28-2006

# USA v. Padilla

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1582

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Padilla" (2006). *2006 Decisions.* Paper 678.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/678

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DPS-283                                                    **NOT PRECEDENTIAL**

### UNITED STATES COURT OF APPEALS
### FOR THE THIRD CIRCUIT

NO. 06-1582
_____

UNITED STATES OF AMERICA

v.

ROQUE PADILLA,
a/k/a RAFAEL CRUZ
a/k/a RAFAEL PEVALTA

ROQUE PADILLA,

Appellant

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Crim. No. 00-cr-00012-1)
District Judge: Honorable Lawrence F. Stengel
_____

Submitted For Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
July 20, 2006

Before: FUENTES, VAN ANTWERPEN AND CHAGARES, <u>CIRCUIT JUDGES</u>

(Filed: July 28, 2006)

_____

OPINION
_____

PER CURIAM

In March 2000, Roque Padilla pleaded guilty to charges of conspiracy to distribute crack cocaine, distribution of crack cocaine, and possession with intent to deliver crack cocaine. After his sentencing, Padilla appealed and filed a motion pursuant 28 U.S.C. § 2255. The District Court dismissed Padilla's § 2255 motion without prejudice to his right to re-file it at the conclusion of his appeal. After we affirmed the judgment of conviction and sentence, Padilla filed another motion pursuant to § 2255. The District Court denied it, and we declined to issue a certificate of appealability.

Padilla subsequently filed a "petition for reduction in term of imprisonment" ostensibly pursuant to 18 U.S.C. § 3582(c)(2) and 28 U.S.C. § 2241. The District Court notified Padilla that it would treat his petition as a § 2255 motion and later furnished Padilla with the pertinent form.[1] Padilla then submitted the following claims in a § 2255 motion: (1) the District Court enhanced his sentence in violation of Apprendi v. New Jersey, 530 U.S. 466 (2000), Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 543 U.S. 220 (2005), and his right to due process of law; and (2) his counsel rendered ineffective assistance of counsel in failing to rely on In re Winship, 397 U.S. 358 (1970), to challenge the sentencing enhancements.

---

[1]When notifying Padilla, the District Court did not provide Padilla with appropriate warnings about the consequences of recharacterization. See Castro v. United States, 540 U.S. 375, 377 (2003). See also United States v. Miller, 197 F.3d 644, 646 (3d Cir. 1999). However, Padilla is entitled to no remedy for this lapse, as recharacterization would have served no meaningful purpose. See United States v. Chew, 284 F.3d 468, 469 (3d Cir. 2002).

The District Court dismissed Padilla's motion for lack of jurisdiction because we had not authorized Padilla to file another § 2255 motion. The District Court also held that to the extent that Padilla sought a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) on the basis of Booker, he had not raised a cognizable claim. Furthermore, the District Court held that it was without jurisdiction to consider Padilla's claims under 28 U.S.C. § 2241. Padilla appeals.[2] We will affirm because no substantial question is presented on appeal.[3] See LAR 27.4.

To the extent that Padilla proceeded pursuant to 28 U.S.C. § 2255, the District Court properly dismissed Padilla's motion for lack of jurisdiction. Generally, a district court is without jurisdiction to review a second or successive § 2255 motion absent authorization by the appropriate court of appeals. See 28 U.S.C. §§ 2244(a), 2255 ¶ 8. Such was the case in the District Court as Padilla had not first received our authorization despite having previously sought § 2255 relief.

Furthermore, the District Court properly concluded that it was without jurisdiction to consider Padilla's claims under 28 U.S.C. § 2241, to the extent that Padilla sought to present them under that statute. Padilla cannot bring his claims under § 2241, because a

---

[2]We note that Padilla's appeal, brought within 10 days of the District Court's order, is timely even to the extent that he appeals from an order denying relief under 18 U.S.C. § 3582(c)(2). See Fed. R. App. P. 4; United States v. Fair, 326 F.3d 1317, 1318 (11th Cir. 2003).

[3]The Clerk's Office notified Padilla that his appeal was subject to possible summary action under Third Circuit LAR 27.4 and I.O.P. 10.6. In response, he continues to press his claims under Apprendi, Blakely, and Booker.

3

motion to challenge his conviction and sentence pursuant to 28 U.S.C. § 2255 is not

"inadequate or ineffective." 28 U.S.C. § 2255. Section 2255 has been considered

inadequate and ineffective for a petitioner convicted and imprisoned for conduct since

deemed not to be criminal. See In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997).

However, § 2255 is not inadequate or ineffective just because a petitioner is unable to

meet its stringent gatekeeping requirements. See id. Padilla does not make a claim that

fits under the In re Dorsainvil exception. In particular, we note that we have held that

§ 2255 is not an inadequate or ineffective way to bring claims based on Apprendi. See

Okereke v. United States, 307 F.3d 117, 120-21 (3d Cir. 2002). Moreover, claims under

Blakely and Booker are not sufficiently distinguishable from a claim under Apprendi to

meet the In re Dorsainvil exception and permit Padilla to seek relief under § 2241. Cf.

Okereke, 307 F.3d at 120-21. Also, success on his claim of ineffective assistance of

counsel does not undermine the criminality of Padilla's conduct. See In re Dorsainvil,

119 F.3d at 251.

Lastly, the District Court properly determined that Padilla had not presented a

basis for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2). A criminal may

move for modification of his sentence if a sentencing range has subsequently been

lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o). See 18 U.S.C.

§ 3582(c)(2). However, § 3582(c)(2) does not afford Padilla relief because Booker is a

decision of the Supreme Court, not an amendment by the Sentencing Commission. See,

4

e.g., United States v. Price, 438 F.3d 1005, 1007 (10th Cir. 2006) (collecting cases);

United States v. Moreno, 421 F.3d 1217, 1220-21 (11th Cir. 2005) (per curiam);

cf. United States v. McBride, 283 F.3d 612, 615 (3d Cir. 2002) (holding that Apprendi v.

New Jersey, 530 U.S. 466 (2000), does not afford relief to a defendant seeking a

modification under § 3582(c)(2)).

For the reasons stated above, the District Court's order will be affirmed.