HLD-115                                           NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4442
_____

ANTHONY HATCHES,
                                        Appellant
                              v.

PAUL SCHULTZ, Warden

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 09-cv-00848)
District Judge: Honorable Jerome B. Simandle

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 30, 2010
Before:  SCIRICA, WEIS and GARTH, Circuit Judges

Opinion filed:  May 21, 2010

_____

OPINION
_____

PER CURIAM.

        Anthony Hatches, a federal inmate, appeals pro se from the District Court's

order dismissing the petition he filed pursuant to 28 U.S.C. § 2241, which the court

1

recharacterized as a second or successive motion pursuant to 28 U.S.C. § 2255. We will summarily affirm.

## I.

After a jury trial in the United States District Court for the Western District of Virginia, Hatches was found guilty of possession of a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c), among other charges. The United States Court of Appeals for the Fourth Circuit affirmed the judgment of conviction, and the United States Supreme Court denied certiorari. Hatches subsequently filed a motion in the trial court attacking his sentence under 28 U.S.C. § 2255, which was denied. Hatches did not appeal.

In February 2009, Hatches filed a petition for relief pursuant to 28 U.S.C. § 2241 in the United States District Court for the District of New Jersey, the judicial district where he is confined.[1] His petition asserted that he was actually innocent of the § 924(c) charge, because his conviction rests on an improper definition of "use" under Bailey v. United States, 516 U.S. 137, 150-51 (1995), and that his remedy under § 2255 was "inadequate and ineffective." See e.g., In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997) (allowing prisoner who had previously filed a § 2255 motion to bring claim via § 2241 where there had been an intervening change in substantive law that the petitioner had no

---

[1] Hatches is currently serving his sentence at the Federal Correctional Institution in Fairton, New Jersey.

prior opportunity to challenge). The District Court found that Hatches' circumstances did not warrant application of the Dorsainvil exception, and recharacterized the petition as a § 2255 motion. The District Court further determined that it lacked jurisdiction because the motion was "second or successive" and Hatches had not obtained authorization from the appropriate Court of Appeals to file it, as required by 28 U.S.C. § 2244(b)(3)(A). Concluding that it would not be "in the interest of justice" to transfer the action to the Fourth Circuit pursuant to 28 U.S.C. § 1631, the District Court dismissed the petition.

Hatches filed a motion for reconsideration pursuant to Local Civil Rule 7.1(I), in which he argued that the District Court erred in recharacterizing his petition as a § 2255 motion without providing him with a prophylactic warning as required by United States v. Miller, 197 F.3d 644, 646 (3d Cir. 1999). He also argued that the District Court inappropriately addressed the substantive issues contained in his petition over which it lacked jurisdiction. The District Court denied the motion. Hatches timely filed this appeal.[2]

**II.**

We have appellate jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a). We exercise plenary review over a district court's legal conclusions, and we apply a

---

[2] Hatches filed his original notice of appeal on November 19, 2009, prior to the District Court's ruling on his motion for reconsideration. Following the District Court's ruling, Hatches filed an amended notice of appeal from the denial of the motion for reconsideration.

3

clearly erroneous standard to its factual findings. Cristin v. Brennan, 281 F.3d 404, 409

(3d Cir. 2002). We may take summary action if the appeal presents no substantial

question. See Third Circuit L.A.R. 24.7; I.O.P. 10.6.

**III**.

Following the enactment of the Antiterrorism and Effective Death

Penalty Act of 1996 (AEDPA), we have held that upon receipt of a pro se pleading

challenging a conviction, "whether styled as a § 2255 motion or not," the district court

should not recharacterize that motion as a habeas petition unless it first warns the

petitioner of the consequences under AEDPA, including the bar on successive petitions,

and gives the petitioner a chance to oppose the recharacterization or to withdraw or

amend the motion. United States v. Miller, 197 F.3d 644, 652 (3d Cir. 1999). However,

these so-called Miller warnings are required only "when a court recharacterizes a pro se

litigant's motion as a first § 2255 motion." Castro v. United States, 540 U.S. 375, 383

(2003) (emphasis added). A district court is not required to provide Miller warnings in

cases where doing so would be an "exercise in futility." United States v. Chew, 294 F.3d

468, 471 (3d Cir. 2002) (holding that no Miller warning was required where the statute of

limitations already barred petitioner from filing a § 2255 motion at the time of the

recharacterization), cert. denied, 510 U.S. 1169 (2004). Hatches argues that the District

Court erred in failing to issue a Miller warning before recharacterizing his § 2241 petition

as a § 2255 motion. However, this petition was not Hatches' first. Because Hatches had

4

previously filed a § 2255 motion in the Western District of Virginia, the issuance of Miller notice in this case would have served no meaningful purpose. Thus, we find no error in the District Court's failure to invoke Miller.[3]

Hatches also contends that the District Court impermissibly reached the merits of his claims. When a second or successive habeas petition is filed in a district court without the permission of the Court of Appeals, the District Court's only option is to dismiss the petition or transfer it to the appropriate Court of Appeals pursuant to 28 U.S.C. § 1631. See Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002). In deciding that it would not be in the interest of justice to transfer the petition to the Fourth Circuit, the District Court properly considered whether Hatches had alleged facts sufficient to bring his petition within the gatekeeping requirement of § 2255 permitting "second or successive" petitions based upon newly discovered evidence or a new rule of constitutional law. 28 U.S.C. § 2255(h). However, this inquiry as to the factual premise of Hatches' claims did not require – and the District Court did not express – any opinion on the merits of the claims.

## IV.

Because this appeal presents no substantial question, we will summarily affirm. See Third Circuit L.A.R. 24.7; I.O.P. 10.6.

---

[3] Furthermore, for the reasons given by the District Court, we agree that Hatches' claim does not meet the standard set forth in In re Dorsainvil allowing a prisoner to proceed under § 2241 rather than § 2255.