DLD-073                                                                                            NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3980
_____

UNITED STATES OF AMERICA,

v.

CRAIG BROWN,
a/k/a BEY,
Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 97-cr-00544-001)
District Judge: Honorable Anita B. Brody
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 and the
Issuance of a Certificate of Appealability
December 22, 2011

Before: AMBRO, JORDAN and VANASKIE, Circuit Judges

(Opinion filed: January 4, 2012)
_____

OPINION
_____

PER CURIAM

Craig Brown appeals from the District Court's orders declining to reconsider its

1

denial of his motion for a modification of his sentence. For the following reasons, we will summarily affirm.

I.

In 1998, Brown was found guilty by a jury in the Eastern District of Pennsylvania of possession of cocaine base with the intent to distribute and possession of a firearm by a convicted felon. He was sentenced to 360 months of imprisonment. This Court affirmed his judgment of sentence.

In June 2009, Brown filed a "motion for adjustment modification of an imposed term of imprisonment pursuant to 18 U.S.C. [§] 3582(c), (1), (B) predicated upon another modifying statute 28 U.S.C. [§] 2255." He claimed that he was (1) wrongly sentenced as a career offender because the predicate convictions upon which his career offender status was based were improperly designated as crimes of violence, see Begay v. United States, 553 U.S. 137 (2008); United States v. Johnson, 587 F.3d 203 (3d Cir. 2009); (2) denied due process as a result of his improper sentencing; and (3) actually innocent of being a career offender. The District Court treated the motion as a § 2255 motion and denied it as untimely.

Brown filed a timely motion for reconsideration, arguing that the District Court erred in construing his motion as a § 2255 motion instead of a § 3582 motion. He was subsequently appointed counsel, who filed a second motion for reconsideration. Counsel appeared to agree with the District Court's characterization of the motion as a § 2255 motion, but argued that the motion was, in fact, timely and that, alternatively, relief was

2

available to Brown pursuant to 28 U.S.C. § 2241. The District Court denied both motions for reconsideration. Brown timely appealed.

## II.

"When a § 3582 motion requests the type of relief that § 3582 provides for – that is, when the motion argues that sentencing guidelines have been modified to change the applicable guidelines used in the defendant's sentencing – then the motion is rightly construed as a motion to amend sentencing pursuant to § 3582." United States v. Carter, 500 F.3d 486, 490 (6th Cir. 2007). However, "when a motion titled as a § 3582 motion otherwise attacks the petitioner's underlying conviction or sentence, that is an attack on the merits of the case and should be construed as a § 2255 motion." Id.; Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) ("Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution.").

The District Court properly viewed Brown's motion as having been brought pursuant to § 2255 because the motion attacks his sentence based on an alleged constitutional violation and/or a fundamental miscarriage of justice that occurred during his sentencing. See 28 U.S.C. § 2255(a). Indeed, Brown's own filings confirm that he is seeking relief under § 2255 as the "modifying statue" that would permit the court to reduce his sentence.[1] Furthermore, Brown's contentions that he was inappropriately

---

[1] Brown's argument to the contrary is based on § 3582(c)(1)(B), which states that, despite § 3582(c)'s general prohibition against modification of a term of imprisonment, a court is

3

sentenced as a career offender and that his sentence violates the constitution do not provide a basis for relief under § 3582(c).

Nor is Brown entitled to pursue his claims through § 2241. A prisoner may proceed under § 2241 if § 2255 would be "inadequate of ineffective." 28 U.S.C. § 2255(e); Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam). We have held that § 2255's "safety valve" applies only in rare circumstances, such as when an intervening change in the statute under which the petitioner was convicted renders the petitioner's conduct non-criminal. See In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997). Brown has not satisfied that standard here, as he makes no allegation that he is actually innocent of the crime for which he was convicted, but instead asserts only that he is "innocent" of being a career offender. See Okereke, 307 F.3d at 120-21 (holding that Dorsainvil did not permit petitioner to challenge sentence via § 2241 based on intervening change in sentencing law).

---

entitled to modify a sentence when "otherwise expressly permitted by statute." That § 2255 is among the statutes expressly permitting modification of a sentence does not permit Brown to circumvent the requirements applicable to § 2255 motions by referencing the provision through § 3582. Furthermore, although district courts are generally required to provide notice to a pro se litigant before re-characterizing a motion as a § 2255 motion, see United States v. Miller, 197 F.3d 644, 652 (3d Cir. 1999), it is difficult to say that the District Court engaged in any re-characterization here given Brown's express reliance on § 2255. Regardless, the District Court did not err in failing provide notice because the § 2255 motion was untimely, as discussed further below. See United States v. Chew, 284 F.3d 468, 471 (3d Cir. 2002) (no Miller warning was required where the statute of limitations already barred petitioner from filing a § 2255 motion at the time of re-characterization).

Brown must obtain a certificate of appealability to appeal the District Court's denial of his § 2255 motion. See 28 U.S.C. § 2253(c). We decline to grant him one because reasonable jurists would agree that the District Court correctly dismissed his motion as time-barred. See Slack v. McDaniel, 529 U.S. 473, 478 (2000). A one-year statute of limitations applies to § 2255 motions and begins to run on the latest of four possible dates, the most common being the date on which the movant's judgment of conviction became final. § 2255(f)(1). As Brown's § 2255 motion was filed approximately ten years after his judgment of conviction became final, it is clearly untimely under that approach. Furthermore, none of § 2255(f)'s alternative start dates applies nor is there any apparent basis for equitable tolling.

For the foregoing reasons, we decline to issue a certificate of appealability with respect to the District Court's denial of Brown's § 2255 motion and summarily affirm the remaining aspects of the District Court's rulings. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.