BLD-162                                                     NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4249
_____

UNITED STATES OF AMERICA

v.

HERMINIO GALINDEZ,
                                            Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 06-cr-00667-002)
District Judge:  Honorable Harvey Bartle III

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 and
Determination of Whether a Certificate of Appealability is Necessary
January 30, 2014
Before:  AMBRO, CHAGARES and VANASKIE, Circuit Judges

(Opinion filed: February 18, 2014)
_____

OPINION
_____

PER CURIAM

       Herminio Galindez appeals from an order of the District Court that denied his

motion filed pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, and the order

denying his motion for reconsideration of that decision.  As the appeal raises no

substantial question, we will summarily affirm the District Court's decisions.

In October 2006, Galindez and codefendant Jose Del Valle were arrested by police, who found cocaine and cash in the vehicle they were occupying. Galindez's motion to suppress was denied and a jury in the Eastern District convicted him of conspiracy to possess with the intent to distribute 5 kilograms or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846; possession with the intent to distribute 5 kilograms or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A); and aiding and abetting the possession of 5 kilograms or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 18 U.S.C. § 2. Galindez was sentenced to 262 months of incarceration. We affirmed the conviction and sentence. United States v. Galindez, 323 F. App'x 122 (3d Cir. 2009).

Shortly thereafter, Galindez filed a pro se motion in the District Court, styled as a "Motion for Reconsideration of Sentence." Attached to the motion was an affidavit from his codefendant Del Valle, averring that Galindez knew nothing about the drugs in the vehicle that was stopped and that he was completely innocent of the drug charges. The District Court denied the motion on October 15, 2009.

In September 2013, Galindez filed a "Request to File a Motion for the Following Reason Under Rule 60(b)(6)." The basis of his motion is not entirely clear, but he stated again that he is innocent, attaching Del Valle's earlier affidavit. He also cited Alleyne v.

2

United States, 133 S. Ct. 2151 (2013),[1] and argued that due process requires a court to give a defendant "the benefit of clarifying interpretation of the law in fact at the time of his conviction, even if the judicial clarification did not occur until well after the Defendant's conviction was final." The District Court denied the motion, noting that a jury had found him guilty, that this Court had found sufficient evidence to sustain his convictions, and that his claim of innocence was supported with nothing except conclusory statements. Galindez then filed a timely motion for reconsideration, raising new claims of ineffective assistance of counsel. The District Court denied the motion without opinion and Galindez appealed. He has filed a document in opposition to this Court's listing for possible summary action and also seeks appointment of counsel.

To the extent that Galindez's motions in the District Court attempted to raise claims of ineffective assistance of counsel or a claim based on Alleyne, his motions were "if not in substance" § 2255 motions, "at least similar enough that failing to subject [them] to the same requirements would be inconsistent with" AEDPA. Gonzalez v. Crosby, 545 U.S. 524, 531 (2005) (discussing a Rule 60(b) motion in the context of a § 2254 proceeding); see also Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) ("Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution."). The District Court might have recharacterized the motions as § 2255

---

[1] In Alleyne, the Court held that any fact that increases a mandatory minimum sentence must be submitted to the jury and found beyond a reasonable doubt. Id. at 2163-64.

motions after giving Galindez proper notice pursuant to United States v. Miller, 197 F.3d 644 (3d Cir. 1999), but such a procedure was not necessary, as a § 2255 motion already was barred by AEDPA's statute of limitations at the time Galindez filed his motions.[2] United States v. Chew, 284 F.3d 468, 470 (3d Cir. 2002).

To the extent Galindez is attempting to raise a freestanding claim of actual innocence based on Del Valle's affidavit, that same claim was denied by the District Court in October of 2009. Galindez does not explain why he did not attempt to appeal the denial at that time, or file a timely § 2255 motion raising the claim.

For the foregoing reasons, we will summarily affirm the District Court's judgment.[3] The motion for appointment of counsel is denied.

---

[2] This Court affirmed Galindez's conviction on appeal on April 28, 2009. His conviction thus became final when his time to seek certiorari review expired, in July 2009. Kapral v. United States, 166 F.3d 565, 570-71 (3d Cir. 1999). Galindez filed his Rule 60(b) motion in September of 2013. Galindez could, perhaps, argue that his motion is timely because it is based on Alleyne. See 28 U.S.C. § 2255(f)(3) (one-year period for filing motion may run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review"). But apart from the fact that Galindez does not explain how his claims rely on Alleyne, that case has not been made retroactively applicable by the Supreme Court. Simpson v. United States, 721 F.3d 875, 876 (7th Cir. 2013).

[3] We decline to issue a certificate of appealability to the extent one is required.