# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

Nos. 98-3469/00-1173

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeals from the United States |
| | * | District Court for the Northern |
| Kelvin Knight, | * | District of Iowa. |
| | * | |
| Appellant. | * | |

_____

Submitted: September 12, 2000

Filed: October 31, 2000

_____

Before HANSEN, HEANEY, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Kelvin Knight was convicted of possessing cocaine base (crack) with the intent to distribute it, *see* 21 U.S.C. § 841(a)(1), and of conspiring to distribute cocaine and crack, *see* 21 U.S.C. § 846. After he appealed his conviction and sentence, we stayed the appeal to allow the district court to rule on his motion for a new trial or, in the alternative, for resentencing. The district court[1] denied Mr. Knight's motion for a new trial but reduced his sentence from 188 months to 160 months. Mr. Knight now

_____

[1]The Honorable Michael J. Melloy, United States District Judge for the Northern District of Iowa.

appeals his conviction, his sentence, and the denial of his motion for a new trial. We affirm.

Mr. Knight first argues that the district court should have suppressed certain incriminating statements that he made to the police during the execution of a search warrant at his apartment. He maintains that he made the statements while he was under the influence of heroin and thus that they were involuntary. The district court, however, credited officers' testimony that Mr. Knight did not appear to be under the influence of heroin when he made the statements, and thus it refused to suppress them.

While the issue of voluntariness is a matter of law to be reviewed *de novo*, we review findings on the historical facts underlying that determination for clear error. *See United States v. Gipp*, 147 F.3d 680, 683 (8th Cir. 1998). We cannot say that the district court clearly erred in determining that Mr. Knight was not under the influence of drugs when he made the relevant statements. We find nothing, therefore, to support his contention that his statements were involuntary and should have been suppressed.

Mr. Knight next asserts that the district court erred in sentencing him because it used these same statements to determine the amount of drugs involved in the offense. The district court, based on Mr. Knight's admissions, included in its sentencing calculation 27.5 ounces of cocaine and one ounce of crack. Mr. Knight argues that the district court erred in using the statements because they lacked sufficient indicia of reliability to serve as the basis for a finding of quantity. *See United States v. Simmons*, 964 F.2d 763, 775-76 (8th Cir. 1992), *cert. denied*, 506 U.S. 1011 (1992).

To support this argument, Mr. Knight points out that the district court concluded that he had lied about several material issues in the case. With respect to the issue of drug quantity used for sentencing purposes, however, the district court determined only that Mr. Knight lied when he claimed that his prior statements were false. This credibility determination is virtually unassailable on appeal. *See United States v.*

*Adipietro*, 983 F.2d 1468, 1472 (8th Cir. 1993). The district court was free to believe that Mr. Knight's statements to the officers were truthful while finding that he lied at other points in the case. *See United States v. Moore*, 212 F.3d 441, 446 (8th Cir. 2000). We therefore find no clear error here.

Mr. Knight maintains, finally, that the district court should have granted his motion for a new trial based on newly discovered evidence. *See* Fed. R. Crim. P. 33. After his trial, the government disclosed to Mr. Knight's counsel that one of the prosecution witnesses had previously received $1,273 in moving and rental expenses from government agents, and had obtained the dismissal of a probation revocation charge, in exchange for her cooperation. The district court denied Mr. Knight's motion for a new trial based on this evidence, and we review that refusal for an abuse of discretion. *See United States v. Ryan*, 153 F.3d 708, 711 (8th Cir. 1998), *cert. denied*, 526 U.S. 1064 (1999).

For Mr. Knight to receive a new trial he must show, among other things, that the new evidence would probably produce an acquittal in a new trial. *See United States v. Williams*, 165 F.3d 1193, 1196, 1196 n.5 (8th Cir. 1999). The district court noted that the government had a strong case even without the testimony of the witness and that her credibility had already been severely damaged by her admissions that she was a former prostitute and a heavy drug user. The district court concluded that the new evidence would not have changed the result in Mr. Knight's trial and we detect no abuse of discretion in that conclusion.

For the foregoing reasons, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.