# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1018

_____

United States of America,

Plaintiff - Appellee,

v.

Gerold Lee Wolff, Jr.,

Defendant - Appellant.

\*
\*
\*
\*
\*
\*
\*
\*
\*
\*

Appeal from the United States
District Court for the
Southern District of Iowa.

**TO BE PUBLISHED**

_____

Submitted: February 13, 2001

Filed: February 28, 2001

_____

Before LOKEN, HEANEY, and BYE, Circuit Judges.

_____

PER CURIAM.

In 1995, Gerold Wolff pleaded guilty to one count of possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1), and one count of using and carrying a firearm in violation of 18 U.S.C. § 924(c). Wolff was sentenced to 212 months in prison, consistent with his plea agreement stipulation that he was responsible for more than 100 and less than 1000 grams of methamphetamine. The plea agreement waived Wolff's right to appeal but not his right to file a motion for post-conviction relief under 28 U.S.C. § 2255.

In September 1999, Wolff filed a pro se petition under Rule 12(b)(2) of the Federal Rules of Criminal Procedure alleging that the district court had no jurisdiction to impose his sentence because the indictment did not allege the drug quantity he was accused of possessing with intent to distribute, and did not allege the sentencing provision in 21 U.S.C. § 841(b)(1) applicable to that drug quantity. The district court[1] advised that it would treat the petition as a § 2255 motion. Wolff objected to the recharacterization of his petition, and the court then ordered that it would treat the petition as Wolff had requested. After the government responded, the court denied Wolff relief. Applying "section 2255 analysis," and relying on Eighth Circuit cases such as United States v. Olness, 9 F.3d 716, 717 (8th Cir. 1993), the court concluded that drug quantity is not an element of the § 841(a)(1) offense. Therefore, neither drug quantity nor the appropriate subpart of § 841(b)(1) need be alleged in the indictment. Wolff appealed, and because of the intervening decision in Apprendi v. New Jersey, 120 S. Ct. 2348 (2000), we granted a certificate of appealability.

On appeal, Wolff first argues the district court erred in recharacterizing his Rule 12(b)(2) motion as a § 2255 motion without giving him a chance to withdraw the motion. Wolff relies on Adams v. United States, 155 F.3d 582 (2d Cir. 1998), where the Second Circuit remanded in this situation out of concern that federal post-conviction petitioners may be forced into the stringent new limitations on successive § 2255 motions[2] by having their motions under other statutes and rules involuntarily recharacterized. We need not consider whether Adams should be followed by this court for two reasons. First, the district court did not recharacterize Wolff's motion; it simply denied Rule 12(b)(2) relief applying § 2255 analysis. Second, Wolff is long

---

[1]The HONORABLE CHARLES R. WOLLE, United States District Judge for the Southern District of Iowa.

[2]See 28 U.S.C. § 2244(b), made applicable to successive motions for federal post-conviction relief by the last paragraph of § 2255.

past the one-year statute of limitations for seeking § 2255 relief, so we see no prejudice even if his petition were recharacterized.

On the merits, Wolff argues that a Rule 12(b)(2) motion challenging the district court's subject matter jurisdiction may be made at any time, including after final judgment, and that the court lacked jurisdiction because the indictment did not allege a violation of 21 U.S.C. § 841(b). Rule 12(b)(2) provides that a challenge to the court's jurisdiction may be "noticed by the court at any time during the pendency of the proceedings." After final judgment was entered and Wolff did not file a direct appeal, the proceedings were no longer pending. See Carlson v. Hyundai Motor Co., 222 F.3d 1044, 1045 (8th Cir. 2000). Therefore, even if the district court's "section 2255 analysis" has been impacted by Apprendi (an issue we need not address), Rule 12(b)(2) relief is no longer available.

The order of the district court dated November 22, 1999, is affirmed.

HEANEY, Circuit Judge, concurring.

I concur in the result.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-