# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2897

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Eastern |
| | * | District of Missouri |
| Rickey L. Jackson, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: February 7, 2002

Filed: February 28, 2002

_____

Before McMILLIAN, BEAM, and LOKEN, Circuit Judges.

_____

PER CURIAM.

Rickey L. Jackson--previously convicted, upon a jury verdict, of conspiring to distribute cocaine base--appeals from the final judgment entered in the District Court[1] for the Eastern District of Missouri, denying his motions for a copy of grand jury records and for a new criminal trial based on newly discovered evidence. For reversal, Jackson argues that grand jury transcripts would definitively show whether a grand jury handed down his initial indictment, and that he had not discovered the

_____

[1]The Honorable E. Richard Webber, United States District Judge for the Eastern District of Missouri.

relevant new evidence until after his trial. For the reasons discussed below, we affirm the judgment of the district court.

We find the district court did not abuse its discretion in denying Jackson's request for production of the May 21, 1998, grand jury transcripts. See United States v. Sileven, 985 F.2d 962, 965 (8th Cir. 1993) (per curiam) (standard of review). The record contains an indictment dated May 21, proving that a grand jury did in fact hand down an indictment, and Jackson did not even proceed to trial on this indictment. In any event, we conclude that he failed to show a particularized need for the grand jury information. See United States v. Warren, 16 F.3d 247, 253 (8th Cir. 1994) (holding defendant's bare allegation that he needs to see grand jury transcripts to determine if there was defect in grand jury process does not meet required showing of particularized need under Fed. R. Crim. P. 6(e)).

We also find the district court did not abuse its discretion in denying Jackson's motion for a new trial. See United States v. Knight, 230 F.3d 1086, 1088 (8th Cir. 2000) (standard of review). In his motion, Jackson contended that the government admitted perjured testimony from a police officer about how a rap music compact disc (CD) implicating Jackson's drug-selling practices had been obtained. The officer had testified that he bought the CD a week or two after Jackson's May 22, 1998 arrest, but according to a consignment form from the music store, the CD had not been available until July 7, 1998. Jackson had not obtained a copy of this consignment form until sometime in 1999. We conclude that Jackson failed to show the consignment form was newly discovered, as the form was dated before his trial. Additionally, evidence showing the officer had not obtained the CD until more than two weeks after Jackson's arrest would have--at best--impeached the officer's testimony about when he obtained the CD, and, given the substantial evidence that Jackson conspired to distribute cocaine base, the new evidence would not have produced an acquittal at a new trial. See United States v. Luna, 94 F.3d 1156, 1161 (8th Cir. 1996) (holding that to succeed on new trial motion, defendant must show that evidence had not been

-2-

discovered until after trial, he used due diligence before trial, and new evidence is not cumulative or impeaching, is material to issues involved, and would probably produce acquittal at new trial).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.