# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2928

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Eastern |
| | * | District of Missouri |
| Rickey L. Jackson, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted:  December 19, 2002

Filed:  December 26, 2002

_____

Before McMILLIAN, FAGG, and BOWMAN, Circuit Judges.

_____

PER CURIAM.

Rickey Jackson appeals from the final judgment entered in the District Court[1] for the Eastern District of Missouri denying his motion to dismiss the indictment in his criminal case.  For the reasons discussed below, we affirm the judgment of the district court.

---

[1]The Honorable E. Richard Webber, United States District Judge for the Eastern District of Missouri.

In 1998, a jury convicted Jackson of conspiring to distribute cocaine base, the district court sentenced him to life imprisonment, and we affirmed. See United States v. Jackson, No. 99-1957, 1999 WL 1059825, at *1 (8th Cir. Nov. 19, 1999) (unpublished per curiam). Jackson later sought relief under 28 U.S.C. § 2255, and filed motions for a copy of grand jury records and for a new criminal trial based on newly discovered evidence, all without success. See Jackson v. United States, No. 01-2226 (8th Cir. Sept. 6, 2001) (denying certificate of appealability); United States v. Jackson, No. 01-2897, 39 Fed. App. 453, 453-54 (8th Cir. Feb. 28, 2002) (unpublished per curiam) (affirming denial of new trial motion and motion for grand jury records).

In the instant motion to dismiss the indictment, Jackson alleged that the government violated an immunity agreement by introducing certain evidence at trial, and that the district court never ruled on his objection. The district court denied as untimely Jackson's motion to dismiss, and also denied his motions for appointment of counsel and a hearing. We agree that relief under Fed. R. Crim. P. 12(b)(2), the provision addressing indictment defects, is no longer available to Jackson. See United States v. Wolff, 241 F.3d 1055, 1056-57 (8th Cir. 2001) (per curiam) (motion under Rule 12(b)(2) must be made during pendency of criminal proceedings, not after entry of final judgment). To the extent Jackson's motion is construed as a collateral proceeding, it is successive and filed without authorization, and he made no showing of either new and convincing evidence of innocence or a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court. See 28 U.S.C. § 2244(b)(2), (3). Instead, Jackson appears to be repeating an evidentiary challenge that he raised during trial and in support of his motion for a new trial, and he is simply arguing that the district court never ruled on whether certain testimony should have been excluded pursuant to an immunity agreement. He may not use a motion to dismiss the indictment to bypass the requirement that he obtain authorization for a successive collateral filing. See United States v. Patton, 309 F.3d 1093, 1094 (8th Cir. 2002) (per curiam). Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.