[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 21, 2010
JOHN LEY
CLERK

No. 09-16141
Non-Argument Calendar

_____

D. C. Docket Nos. 08-00195-CV-5-RS
06-00052-CR-5-0

JAYCEE WILLIAMS, JR.,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(June 21, 2010)

Before BIRCH, CARNES and MARTIN, Circuit Judges.

PER CURIAM:

Federal prisoner Jaycee Williams, Jr. appeals the denial of his amended 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. Williams pleaded guilty to possession with intent to distribute more than 50 grams of crack cocaine. Because he had a prior state felony drug conviction, he received a mandatory enhanced sentence of twenty years in prison under 21 U.S.C. §§ 841(b)(1)(A) and 851. Williams filed a timely § 2255 motion on an ineffective assistance of counsel claim.[1]

In August 2009, nearly two years after the judgment of conviction had become final, Williams moved to amend his § 2255 motion to add a claim that the district court lacked jurisdiction to impose the enhanced sentence because the government's notice of enhancement, which cited the wrong statutory provision and gave an incorrect date for the prior conviction, did not strictly comply with the requirements of 21 U.S.C. § 851(a)(1). The district court concluded that Williams' amendment was untimely, because the new claim involved a different ground of relief and different facts and therefore did not relate back to the original filing. See Fed. R. Civ. P. 15(c)(1)(B). The court denied the § 2255 motion, but then granted a COA as to whether it had a "[l]ack of jurisdiction to impose an enhanced

_____

[1] Although the district court's COA also included the ineffective counsel claim, Williams does not address that issue in his brief and therefore he has abandoned it. See Atkins v. Singletary, 965 F.2d 952, 955 n.1 (11th Cir. 1992).

2

sentence pursuant to 21 U.S.C. § 841(b)(1)(A) because of the defect in the Government's notice of enhancement."

In a § 2255 proceeding, our appellate review is limited to the issues specified in the COA. Murray v. United States, 145 F.3d 1249, 1251 (11th Cir. 1998). When the district court dismisses a habeas petition as time-barred, it is inappropriate for the court to grant a COA on the merits of the underlying claim. See Ross v. Moore, 246 F.3d 1299, 1300 (11th Cir. 2001) (per curiam) (vacating COA on state prisoner's 28 U.S.C. § 2254 petition). However, threshold procedural issues that must be resolved before we can reach the underlying claim are presumed to be encompassed within the COA. McCoy v. United States, 266 F.3d 1245, 1248 n.2 (11th Cir. 2001). Thus, we consider whether Williams' motion on the enhancement issue was timely.

We review de novo a district court's conclusion that a § 2255 motion is time-barred. Jones v. United States, 304 F.3d 1035, 1037 (11th Cir. 2002) (per curiam). We review the district court's application of Rule 15(c) for abuse of discretion. Davenport v. United States, 217 F.3d 1341, 1343 n.4 (11th Cir. 2000).

28 U.S.C. § 2255(f) imposes a one-year period of limitation on § 2255 motions. The clock runs from the date on which the judgment of conviction becomes final, which is the date on which the time for filing a petition for certiorari

3

expires.  Id. § 2255(f)(1); see Clay v. United States, 537 U.S. 522, 123 S.Ct. 1072, 1075 (2003); Close v. United States, 336 F.3d 1283, 1284–85 (11th Cir. 2003).  In this case, the limitations period ran out in September 2008.  Williams' challenge to the sentence enhancement, first asserted in August 2009, does not relate back to the original § 2255 motion that he timely filed in June 2008, because it asserted "a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth."  See Mayle v. Felix, 545 U.S. 644, 650, 125 S.Ct. 2562, 2566 (2005).  Williams' original motion complained that his counsel had been ineffective in negotiating with the government for a substantial-assistance recommendation at sentencing.  The current claim concerns whether Williams had proper notice of the government's intent to seek the enhancement, and of the possible statutory penalty, at the time he decided to plead guilty.[2]  Because these two claims are not "tied to a common nucleus of operative facts," see Mayle, 545 U.S. at 650, 125 S. Ct. at 2566, the district court correctly concluded that the new claim did not relate back to the original filing.  See Mayle, 545 U.S. at 662, 125

---

[2] Because we conclude that Williams' motion was not timely, we do not decide whether the government's notice of enhancement was in "strict compliance" with the requirements of 21 U.S.C. § 851(a)(1).  See United States v. Rutherford, 175 F.3d 899, 904 (11th Cir. 1999).  We note that despite the mistakes in the government's information, Williams signed a plea agreement that cited the correct statute and correctly described the enhanced penalty as twenty years, and he then indicated both at the plea colloquy and at sentencing that he understood he was facing an enhanced penalty of twenty years.  Furthermore, because the government's information gave the correct case number for the state conviction, Williams did not lack actual notice as to which prior conviction the government intended to use.

S.Ct. at 2573–74 ("If claims asserted after the one-year period could be revived simply because they relate to the same trial, conviction, or sentence as a timely filed claim, [the] limitation period would have slim significance.").

The one-year limit applies even though Williams' new claim is an attack on the district court's jurisdiction. See United States v. Ramirez, 501 F.3d 1237, 1239 (11th Cir. 2007) (per curiam) (§ 851(a)(1) notice requirement is jurisdictional). Williams argues that the limit does not apply because, under Fed. R. Crim. P. 12(b)(3)(B), a claim that an indictment or information fails to invoke the court's jurisdiction may be heard "at any time while the case is pending." This is wrong. The habeas statute specifically includes jurisdictional challenges in its enumeration of grounds for relief from sentence that may be asserted under § 2255. See 18 U.S.C. § 2255(a) ("A [federal] prisoner in custody . . . claiming the right to be released upon the ground that . . . the court was without jurisdiction to impose such sentence . . . may move the court [for relief]."). Nothing in the statutory language suggests that jurisdictional challenges are exempt from the one-year limitations period that applies to "a motion under this section." Id. § 2255(f). See Barreto-Barreto v. United States, 551 F.3d 95, 100 (1st Cir. 2008) (holding that jurisdictional claims under § 2255 are subject to one-year limit). Because Williams is in custody and is collaterally attacking his federal sentence, § 2255 is

5

the proper vehicle for that attack and Rule 12(b)(3)(B) cannot be used to circumvent its procedural requirements.  See United States v. Patton, 309 F.3d 1093, 1094 (8th Cir. 2002) (per curiam); cf. Gonzalez v. Sec'y for the Dep't of Corr., 366 F.3d 1253, 1277 & n.11 (11th Cir. 2004) (en banc) (motion for relief from judgment under Fed. R. Civ. P. 60(b) cannot be used to circumvent restriction on second or successive habeas petitions, and same reasoning "appl[ies] fully to any independent action designed to set aside or reopen a judgment denying federal habeas relief").  Furthermore, although this Court has not addressed the issue in a published opinion, other circuits have held that Rule 12(b)(3)(B) does not allow a jurisdictional challenge at the habeas stage because the case is no longer "pending" within the meaning of that rule once direct appeals have ended.  See Barreto-Barreto, 551 F.3d at 100; United States v. Valadez-Camarena, 402 F.3d 1259, 1260–61 (10th Cir. 2005); United States v. Wolff, 241 F.3d 1055, 1056–57 (8th Cir. 2001) (per curiam).  The district court did not err in denying Williams' motion as untimely.

**AFFIRMED.**