NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4705
_____

UNITED STATES OF AMERICA

v.

ROBERT STURMAN,

Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-09-cr-00665-001)
District Judge:  Honorable R. Barclay Surrick
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 18, 2012

Before:  SMITH and FISHER, *Circuit Judges*, and STEARNS,[*] *District Judge*.

(Filed: June 8, 2012)
_____

OPINION OF THE COURT
_____

_____

[*] The Honorable Richard G. Stearns, District Judge for the United States District Court for the District of Massachusetts, sitting by designation.

FISHER, *Circuit Judge*.

Robert Sturman ("Sturman") appeals from his judgment of sentence in the Eastern District of Pennsylvania, arguing that it was procedurally and substantively unreasonable. We will affirm.

## I.

We write principally for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

On July 1, 2010, Sturman pled guilty to fifteen criminal counts, including interstate transportation of stolen property in violation of 18 U.S.C. § 2314 (Counts 1, 2, 4, 7, 8, 9, 10, 14 and 15), mail fraud in violation of 18 U.S.C. § 1341 (Count 3), and wire fraud in violation of 18 U.S.C. § 1343 (Counts 5, 6, 11, 12, and 13). The conduct to which Sturman pled guilty involved defrauding a number of individuals of over four million dollars through investment schemes over the course of a decade.

At sentencing on December 10, 2010, the District Court adopted the factual findings of the Presentence Investigation Report ("PSR"), which calculated Sturman's base offense level as seven. The PSR also added 18 levels for stealing over $2.5 million but less than $7 million pursuant to U.S.S.G. § 2B1.1(b)(1)(J), four levels because the offense involved 50 or more victims pursuant to U.S.S.G. § 2B1.1(b)(2)(B), and two levels for abusing a position of private trust pursuant to U.S.S.G. § 3B1.3. The resulting

2

total offense level was 31.  With a criminal history category of I, the Guidelines range was calculated at 108 to 135 months.  However, in addition to the calculations in the PSR, the District Court decided to grant a three-level reduction for acceptance of responsibility, resulting in a base offense level of 28, and a Guidelines range of 78 to 97 months.  The District Court then varied upward "based upon the nature of the crimes" and sentenced Sturman to 120 months' imprisonment.  Sturman timely appealed.

## II.

The District Court had jurisdiction over this case pursuant to 18 U.S.C. § 3231.  We have jurisdiction under 28 U.S.C. §§ 1291 and 3742.  We review sentences for both procedural and substantive reasonableness, applying an abuse of discretion standard.  *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc).  The burden of demonstrating unreasonableness rests with the party challenging the sentence.  *Id*.

## III.

Sturman claims that his sentence was unreasonable, arguing that the District Court failed to meaningfully consider relevant 18 U.S.C. § 3553(a) factors and imposed an unduly harsh sentence under the circumstances.[1]  We acknowledge that a sentence outside the advisory Guidelines range is more likely to be unreasonable than one that lies within the Guidelines range, *see United States v. Coleman*, 451 F.3d 154, 158 (3d Cir.

---

[1] Sturman's plea agreement included an appellate waiver, but the waiver does not bar an appeal on this basis.

2006), but we find in this case that Sturman's above-Guidelines sentence was both procedurally and substantively reasonable.

"To be procedurally reasonable, a sentence must reflect a district court's meaningful consideration of the factors set forth at 18 U.S.C. § 3553(a)." *United States v. Lessner*, 498 F.3d 185, 203 (3d Cir. 2007). In considering these factors, a sentencing court is not required to "make findings as to each factor if the record otherwise makes clear that the court took the factors into account[,]" nor is it required to "consider arguments that clearly lack merit." *Id*. However, where the sentencing court varies from the Guidelines, it should address at least "the need to avoid unwarranted sentencing disparities among similarly situated individuals" under § 3553(a)(6). *United States v. Negroni*, 638 F.3d 434, 446 (3d Cir. 2011).

Sturman does not point to any specific factor under § 3553(a) that the District Court failed to meaningfully consider, nor can we find one. The District Court engaged in a lengthy sentencing hearing, and then made clear that it had considered "the nature and circumstances of the offense" as required by § 3553(a)(1), stating that "[w]hen I look at the crimes that were committed here, they are truly horrendous, horrendous crimes. Mr. Sturman . . . manipulated friends who trusted him . . . . [and] betrayed their trust, stole their money and . . . left many of them in pretty dire situations." The District Court also discussed Sturman's "history and characteristics" pursuant to § 3553(a)(1), and the need for a sentence based on the "seriousness of the offense" pursuant to § 3553(a)(2).

4

Furthermore, although the District Court did not explicitly refer to the need to avoid sentencing disparities under § 3553(a)(6), it made clear that there was no such concern in this case, which involved a highly unusual pattern of "unbelievable" fraud that had a "horrendous" impact on victims. In fact, it might be implied from these statements that the District Court was concerned that it would create a sentencing disparity by *not* varying upward based on the circumstances of Sturman's crime. In sum, we find that the District Court did not procedurally err by failing to meaningfully consider the § 3553(a) factors.

A sentence is substantively unreasonable only if "no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *Tomko*, 562 F.3d at 568.

Sturman argues that his sentence is unduly harsh because (1) the Guidelines already accounted for the seriousness of the offense, (2) the upward variance prevented him from receiving the benefit of the three-level reduction for acceptance of responsibility, (3) he would not likely be a recidivist and could be easily rehabilitated, and (4) he is already fifty-six years old and can anticipate only sixteen more years of life based on the average lifespan of American men. Sturman fails to demonstrate why any of these factors requires a different sentence. Regarding the first argument, the offense levels added under the Guidelines accounted for the amount of money stolen, the number of victims, and Sturman's abuse of their trust, but it was not unreasonable for the District

Court to determine that the Guidelines failed to account for the extent of the "horrendous" impact on the victims. The second argument is also meritless; the District Court varied upward for reasons unrelated to Sturman's acceptance of responsibility, and it was not unreasonable for it to first grant the three-level reduction and then vary upward for unrelated reasons. The last two arguments are not only of dubious veracity, but essentially challenge the way that the District Court weighed the § 3553(a) factors and the need for the sentence imposed. We see no reason that these two factors, even if true, should outweigh the justifications for a longer sentence that were provided by the District Court. Even if we disagreed with how the District Court weighed the § 3553(a) factors, we cannot reverse merely because we might have imposed a different sentence. *Tomko*, 562 F.3d at 574. The sentencing judge "is in a superior position to find facts and judge their import" because he "has access to, and greater familiarity with, the individual case and the individual defendant before him than . . . the appeals court." *Id.* at 566 (quoting *Gall v. United States*, 552 U.S. 38, 51-52 (2007)). We decline to re-weigh the factors in a case such as this one, where we cannot find that "no reasonable sentencing court would have imposed the same sentence" on Sturman "for the reasons the district court provided." *See Tomko*, 562 F.3d at 568. Thus, we find that the District Court's imposition of sentence was reasonable, not only procedurally, but also substantively.

## VI.

For the reasons set forth above, we will affirm the sentence of the District Court.

6