DLD-050                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3672
_____

UNITED STATES OF AMERICA

v.

ROBERT STURMAN,
                                    Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Crim. No. 09-cr-00665-001)
District Judge:  Honorable R. Barclay Surrick

_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
November 21, 2013

Before:  SMITH, HARDIMAN and VAN ANTWERPEN, Circuit Judges

(Opinion filed:  January 2, 2014 )
_____

OPINION
_____

PER CURIAM

        Robert Sturman, a federal prisoner proceeding pro se, appeals an order of the United

States District Court for the Eastern District of Pennsylvania denying his motion pursuant to

Federal Rule of Criminal Procedure 12(b)(3)(B). For the reasons that follow, we will affirm the judgment of the District Court.

In 2010, Sturman pleaded guilty to 15 criminal counts, including interstate transportation of stolen property in violation of 18 U.S.C. § 2314, mail fraud in violation of 18 U.S.C. § 1341, and wire fraud in violation of 18 U.S.C. § 1343. Sturman's conduct "involved defrauding a number of individuals of over four million dollars through investment schemes over the course of a decade." United States v. Sturman, 484 F. App'x 686, 687 (3d Cir. 2012) (unpublished decision). He was sentenced to 120 months' imprisonment. We affirmed the judgment of sentence on direct appeal. Id. at 689. The United States Supreme Court denied Sturman's petition for a writ of certiorari.

Sturman then filed in District Court a motion pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B) asserting that the indictment in his case fails to state an offense and thus failed to invoke the District Court's jurisdiction. The District Court found the motion untimely and frivolous and denied relief. This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's legal conclusions and review factual findings for clear error. United States v. Stock, 728 F.3d 287, 291 (3d Cir. 2013).

As recognized by the District Court, Rule 12(b)(3)(B) provides that "a motion alleging a defect in the indictment or information" must be made before trial, "but at any time while the case is pending, the court may hear a claim that the indictment or information fails to invoke the court's jurisdiction or to state an offense." Fed. R. Crim. P. 12(b)(3)(B). A case is no longer pending for purposes of Rule 12(b)(3)(B) when a mandate is issued on direct appeal.

2

United States v. Elso, 571 F.3d 1163, 1166 (11th Cir. 2009) (per curiam). See also Barreto-Barreto v. United States, 551 F.3d 95, 100 (1st Cir. 2008) (a case is no longer pending under Rule 12(b)(3)(B) after a judgment is entered and no direct appeal is filed).

Sturman filed his Rule 12(b)(3)(B) motion on or about October 17, 2012. We affirmed the District Court's judgment on June 8, 2012 and issued our mandate on July 6, 2012. See C.A. No. 10-4705. Because Sturman's case was no longer pending when he filed his Rule 12(b)(3)(B) motion, the District Court did not err in denying the motion. Elso, 571 F.3d at 1166.[1]

Sturman appears to concede in his reply to the Government's response to his motion that the motion was filed too late, see Reply at 4, but he asks that his belated filing be excused for good cause based on his appellate counsel's failure to communicate with him and his inability to file a pro se brief on direct appeal. We have found no authority supporting the application of a good cause exception once a case is no longer pending.[2] The District Court noted, and we agree, that Sturman's contention that appellate counsel failed to raise his claim should be considered in his pending proceedings pursuant to 28 U.S.C. § 2255, where he has raised a claim of ineffective assistance of counsel on this basis.[3]

---

[1]As in Elso, Sturman's petition for a writ of certiorari was also denied before he filed his Rule 12(b)(3)(B) motion. He filed a petition for rehearing, but the Supreme Court did not suspend the order denying the writ. See id.

[2]Sturman relies on Rule 12(e), which provides that a party waives any Rule 12(b)(3) defense that was not raised by the deadline the court sets for the filing of pretrial motions under Rule 12(c), and that a court may grant relief from the waiver for good cause. Fed. R. Crim. P. 12(e).
[3]We thus do not consider the District Court's additional conclusion that Sturman's motion lacks merit.

Accordingly, because this appeal does not raise a substantial question, we will summarily affirm the judgment of the District Court.