**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSEPH S. MARTIN, | No. 22-16112 |
| Petitioner-Appellant, | D.C. Nos. 2:21-cv-00213-DGC |
| v. | 2:14-cr-00678-DGC-1 |
| UNITED STATES OF AMERICA, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Argued and Submitted May 13, 2024
Phoenix, Arizona

Before:  DESAI and DE ALBA, Circuit Judges, and GUTIERREZ,** District Judge.

Petitioner Joseph Martin ("Petitioner") appeals the district court's denial of

his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 as barred by

§ 2255(f)'s one-year statute of limitation.  We review the district court's denial of

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Philip S. Gutierrez, United States District Judge for the Central District of California, sitting by designation.

habeas corpus for untimeliness de novo. *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003), *as amended* (Nov. 3, 2003). "If the facts underlying a claim for equitable tolling are undisputed, the question of whether the statute of limitations should be equitably tolled is also reviewed de novo." *Id.* And any "findings of fact made by the district court are to be reviewed for clear error." *Id.*; *Miles v. Prunty*, 187 F.3d 1104, 1105 (9th Cir. 1999). We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a), and we affirm.

1.    Petitioner's conviction became final on July 9, 2018, ninety days after the Ninth Circuit affirmed his conviction, because he never perfected a petition for a writ of certiorari with the United States Supreme Court. *See United States v. Blackstone*, 903 F.3d 1020, 1024 (9th Cir. 2018), *cert. denied*, No. 18-9368, 2019 WL 2211790 (U.S. June 24, 2019); *Clay v. United States*, 537 U.S. 522, 532 (2003). The district court was correct in finding that the statute of limitation should not be tolled for the period between August 19, 2019—when Petitioner discovered that a certiorari petition had not been properly filed on his behalf—to January 30, 2021, when he finally filed his § 2255 motion, and thus Petitioner's § 2255 motion is time-barred.

A habeas petitioner is "'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*,

560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Spitsyn*, 345 F.3d at 799. "The threshold necessary to trigger equitable tolling . . . is very high, lest the exceptions swallow the rule," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (cleaned up), and the inquiry is "highly fact-dependent," *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000); *Lott v. Mueller*, 304 F.3d 918, 923 (9th Cir. 2002) (collecting cases).

Petitioner makes two arguments why the statute of limitation should be equitably tolled. First, Petitioner says he was prevented from filing a habeas petition because his trial counsel failed to turn over his entire client file to him until June 2020. But Petitioner fails to show he pursued his rights diligently. He cannot and does not explain why he did not file his motion for another seven months after receipt, particularly given that Petitioner had drafted and signed the motion in April 2020.

Second, Petitioner argues his post-conviction counsel misled him by insisting on filing a Federal Rule of Civil Procedure 60(b) motion instead of a habeas petition. Petitioner's post-conviction counsel's decision is not an extraordinary circumstance, but a procedural default that Petitioner must bear. *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991) (finding there is "no inequity in requiring [the petitioner] to bear the risk of attorney error that results in a procedural default"). Petitioner's reliance on *Thomas v. Att'y Gen.*, 992 F.3d 1162

3

(11th Cir. 2021) is misplaced. Unlike in *Thomas*, nothing in the record before us indicates that Petitioner's post-conviction counsel actively prevented him from filing his habeas petition or otherwise "abdicated [their] duty of loyalty" to Petitioner. *Id.* at 1184. As to his diligence, Petitioner's claim that he was misled is belied by the fact that he filed his § 2255 motion before his post-conviction counsel filed the Rule 60(b) motion, contrary to his post-conviction counsel's advice. The record shows that Petitioner had the ability and control—at least since June 2020 when he received his client file—to file his motion, or at minimum, direct his attorneys to do so. *Cf. Calderon v. United States Dist. Ct. (Beeler)*, 128 F.3d 1283, 1289 (9th Cir. 1997), *overruled in part on other grounds by Calderon v. United States Dist. Ct. (Kelly)*, 163 F.3d 530 (9th Cir. 1998) (finding attorney misconduct amounted to an extraordinary circumstance and that the petitioner had been diligent where the petitioner had no control over his attorney who had abandoned him with an unusable client file). But Petitioner fails to provide any explanation why he waited so long to file.

2. Even though Petitioner challenges the district court's jurisdiction over his conviction in his § 2255 motion, his motion is still time-barred by § 2255(f)'s statute of limitation. The plain language of § 2255(a) "specifically includes jurisdictional challenges in its enumeration of grounds for relief from sentence." *Williams v. United States*, 383 F. App'x 927, 929 (11th Cir. 2010). Section

4

2255(f) states that the one-year limitation period "shall apply" to all motions made under § 2255 and does not provide for any exceptions. *See Barreto-Barreto v. United States*, 551 F.3d 95, 100 (1st Cir. 2008); *United States v. Patrick*, 264 F. App'x 693, 695–96 (10th Cir. 2008); *Williams*, 383 F. App'x at 929–30; *United States v. Scruggs*, 691 F.3d 660, 666 (5th Cir. 2012).

**AFFIRMED.**